L. G. GUTHRIE, For and on Behalf of Himself and all other School Teachers in North Carolina v. H. PAT TAYLOR; EDWIN GILL; A. CRAIG PHILLIPS; JOHN A. PRITCHETT; DALLAS HERRING; CHARLES E. JORDAN; MRS. EDELWEISS F. LOCKEY; WILLIAM R. LYBROOK; G. DOUGLAS AITKEN; R. BARTON HAYES; JOHN M. REYNOLDS; MRS. MILDRED S. STRICKLAND; HAROLD L. TRIGG, Members of the State Board of Education and THE BURLINGTON CITY BOARD OF EDUCATION and ROBERT MORGAN, Attorney General of the State of North Carolina

No. 60

(Filed 15 December 1971)

1. Schools § 13; Constitutional Law §§ 20, 23— renewal of teachers' certificates — constitutionality of State Board regulation — due process — equal protection

A regulation of the State Board of Education which requires all public school teachers to renew their teachers' certificates every five years by earning credits, at least some of which must be earned by the successful completion of college or university courses, *held* constitutional. There is no merit to the contentions of the plaintiff, a classroom teacher who had to forego summer employment in order to earn the required credits, that the regulation exceeds the authority granted to the Board; or that the regulation is discriminatory in not applying to employees of the Board; or that the regulation is arbitrary. U. S. Constitution Amendment XIV; N. C. Constitution, Art. 1, § 19 and Art. IX, §§ 8, 9 (prior to the 1971 revision); G.S. 115-11; G.S. 115-152, 153.

2. Schools § 13; Constitutional Law § 7— certification of public school teachers — authority of Board of Education — delegation of powers

The principle forbidding the delegation of legislative powers without the establishment of appropriate standards has no application to the authority of the State Board of Education to promulgate and administer the regulations relating to the certification of public school teachers, since such authority is conferred by the State Constitution itself rather than by statute.

3. Constitutional Law § 2; Administrative Law § 3— delegation of powers by the Constitution — nature of the delegation — administrative agencies — rule-making powers

Where the power to make rules and regulations has been delegated to an administrative board or agency by the Constitution itself, the delegation is absolute, except insofar as it is limited by the Constitution of the State, by the Constitution of the United States, or by the Legislature, or some other agency, pursuant to power expressly conferred upon it by the Constitution.

4. Constitutional Law § 1— certification of public school teachers — delegation of authority by State Constitution — U. S. Constitution

The delegation by the N. C. Constitution to the State Board of Education of the authority to regulate the certification of public school

teachers presents no question under the U. S. Constitution as regards the validity of such delegation.

5. **Constitutional Law § 20— classification of persons and activities — reasonable basis of classification**

Neither the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution nor the similar language in Art. I, § 19, of the N. C. Constitution takes from the State the power to classify persons or activities when there is reasonable basis for such classification and for the consequent difference in treatment under the law.

6. **Schools § 13; Constitutional Law § 20— equal protection of the laws — regulation requiring certification of public school teachers**

A regulation of the State Board of Education which requires public school teachers to renew their teaching certificate every five years by one of several specified procedures, including the completion of college courses, does not deny a teacher the equal protection of the law on the ground that the regulation is inapplicable to the employees of the State Board of Education in Raleigh, who are engaged in non-teaching duties.

7. **Schools § 13— certification of teachers — reasonableness of regulations**

A regulation of the State Board of Education which requires public school teachers to renew their teaching certificates every five years by one of several alternative procedures, including the completion of college or university courses, is neither unreasonable nor arbitrary, there being a reasonable basis for the belief that the quality of a teacher's classroom performance will be improved if the teacher broadens or refreshes his knowledge by one of the specified procedures.

APPEAL by plaintiff from *Blount, S.J.*, at the 12 April 1971 Session of ALAMANCE, heard prior to determination by the Court of Appeals.

The plaintiff is the holder of a Class G certificate authorizing him to teach in the public schools of North Carolina. At the time he brought this action, 23 February 1971, he was employed as teacher of History and Assistant Principal of Walter Williams High School in the Burlington Administrative Unit. He sued, on behalf of himself and all other classroom teachers in the State, for a judgment declaring the invalidity of the rules and regulations of the State Board of Education, which require a teachers' certificate to be renewed each five years by one of several specified alternative procedures, and which require certain deductions in the salary of a teacher who continues to teach without such certificate renewal. In substance, the complaint alleges (numbering ours):

1. The plaintiff holds the above mentioned certificate and is employed as such teacher and assistant principal. The defendants occupy the positions indicated in the caption.

2. G.S. 115-152 requires all teachers, and other members of the professional personnel, employed in the public schools to hold certificates issued in accordance with the law. G.S. 115-155 makes it unlawful for any city or county board of education to employ or keep in service any teacher, or other member of the professional school personnel, not holding a certificate in compliance with the provisions of law and forbids the payment of salary to one employed in violation of such statute.

3. The State Board of Education, at a regular meeting and pursuant to proper vote, adopted rules and regulations pertaining to certification of teachers, which rules and regulations, now in force, are attached to and made part of the complaint.

4. Such rules and regulations provide that all certificates issued to teachers expire after five years, unless sooner renewed.

5. The rules and regulations require for such renewal the earning of six units of credit during the five year period immediately preceding such renewal. Such credit may be obtained in ways prescribed, including the completion of further college courses.

6. The rules and regulations provide for a salary penalty of $20.00 per school month to be imposed upon any teacher continuing to teach while holding an expired certificate.

7. The City Board of Education has adopted rules and regulations governing the renewal of teachers' certificates, pursuant to authorization contained in the rules so adopted by the State Board.

8. To obtain a renewal of his certificate, a teacher must, at his own expense, earn the credit units required.

9. Employees of the State Board, stationed at its Raleigh Office, are not required to obtain further education as a condition precedent to the retention of their employment. Likewise, superintendents of administrative school units, who do not obtain renewal of their certificates, are not subject to deductions

from their salaries on that account. However, all teachers, irrespective of age, teaching experience or previous education, are required so to renew their certificates each five years. Thus, the plaintiff, whose Class G certificate shows that he holds a master's degree and who has been teaching continuously in the public schools of North Carolina since 1953, will, under the rules and regulations, be barred from, or penalized for, teaching subsequent to the expiration date of his certificate unless he obtains a renewal in the manner prescribed, whereas an inexperienced, recent graduate, holding a bachelor's degree and a Class A certificate, may teach the same courses without penalty.

10. The plaintiff cannot obtain the necessary credits for renewal of his certificate except at his own expense, including the loss of summer employment, which has been offered to him for the summer of 1971 and from which his earnings would be $2,000.

11. If the plaintiff does not earn such units of credit, the defendant State Board of Education will refuse to renew or extend his certificate and the defendants will either refuse to permit him to teach or will subtract $20.00 per month from his salary.

12. Such threatened action of the defendants is unlawful and in excess of their authority for the reason that there is no statutory authority for the adoption of a regulation requiring teachers to undergo, at their own expense, further education as a condition precedent to the continuing validity of their contract.

13. Even if there were statutory authority for the adoption of such rules and regulations, the said proposed action of the defendants is unlawful and beyond their authority for the reason that such act of the General Assembly contravenes Article I, § 6, and Article II, § 1, of the Constitution of North Carolina because of the absence therefrom of legislative standards. Furthermore, such proposed action by the defendants would, in that event, be in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and of Article I, § 19, of the State Constitution in that such statute discriminates against school teachers in favor of other professions, discriminates against classroom teachers in favor of employees in a school which does not have a locally organized

program (as authorized in the rules and regulations of the State Board of Education) in favor of teachers in a school which does have such program. The proposed action of the defendants would, in that event, be unlawful because in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and of Article I, § 19, of the Constitution of North Carolina in that school teachers are thereby deprived of a livelihood and of property without serving any reasonable end or public purpose, the said rules and regulations being arbitrary and unreasonable.

The defendants filed answer denying no material allegation of fact and moved to dismiss for failure to state a claim upon which relief can be granted. The plaintiff, thereupon, moved for judgment on the pleadings. At the hearing upon these motions, counsel for all parties agreed that there is no substantial controversy as to the facts. Thereupon, the court entered judgment, setting forth its findings of fact and conclusions of law, denying the plaintiff's motion for judgment on the pleadings and granting the defendants' motion for dismissal for failure to state a claim upon which relief may be granted. The court's findings of fact, material to this appeal, are as follows:

"1. That the plaintiff is a citizen and resident of Alamance County, North Carolina, and teaches history in, and is assistant principal of, Walter Williams High School in the Burlington administrative school unit. * * *

"4. That the plaintiff now has a masters degree and has been issued a Class G certificate by the State Board of Education which under the rules and regulations of the State Board of Education * * * is scheduled to expire before the beginning of the fall term at the Burlington City Schools.

"5. That under the rules and regulations of the State Board of Education referred to above, the plaintiff must have six units of credit in order to have his certificate renewed. * * * That under the present circumstances, plaintiff will be forced to obtain college course credit sometime before the start of the fall term of the Burlington City Schools in order to obtain the four units he now lacks.

"6. That the plaintiff has been offered summer employment which will offer him earnings of one thousand

dollars ($1,000) a month and that in order to satisfy the certificate renewal requirements of the State Board of Education he will be forced to forego such employment.

"7. That if plaintiff does not acquire such four units of credit the defendant, State Board of Education, will refuse to issue a renewal certificate or extend the plaintiff's present certificate.

"8. That if the plaintiff fails to receive a renewal certificate he will be subject either to a penalty of twenty dollars ($20.00) a month deducted from his salary as a teacher * * * or may be disqualified from teaching in the public schools of North Carolina in accordance with the provisions of G.S. 115-155.

"9. * * * That said rules and regulations have been duly adopted by the State Board of Education and provide that the renewal requirements may be satisfied in four ways: * * *."

Upon these findings of fact the trial court made the following conclusions of law:

"1. That in adopting the rules and regulations pertaining to renewal of teachers' certificates, the State Board of Education acted legally within the authority vested in it by Article 9, Sec. 9 of the North Carolina Constitution and by G.S. 115-153 that said rules and regulations in no way exceed the lawful authority of the State Board of Education.

"2. That the authority vested in the State Board of Education to formulate such rules and regulations is constitutional and lawful.

"3. That the rules and regulations of the State Board of Education pertaining to renewal of teachers' certificates comport with the requirements of equal protection of both the North Carolina and United States Constitutions.

"4. That such rules and regulations are in compliance with the requirements of the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article I, Sec. 19 of the North Carolina Constitution.

"5. That such rules and regulations of the State Board of Education are neither arbitrary nor unreasonable."

The plaintiff assigns as error each of the foregoing conclusions of law.

*Dalton & Long, by W. R. Dalton, Jr., for plaintiff.*

*Attorney General Morgan and Staff Attorney Lloyd for defendant appellees.*

LAKE, Justice.

[1]  The regulation of the State Board of Education, attacked by the plaintiff, requires a teacher in the public school system to procure the renewal of his or her teachers' certificate each five years by earning, at the teacher's expense, credits, at least some of which must be earned by the successful completion of additional college or university courses. The plaintiff contends that this regulation is: (1) In excess of the authority delegated to the State Board of Education; (2) is unreasonably discriminatory and, therefore, violates the Equal Protection Clauses of the State and Federal Constitutions; and (3) is arbitrary and, therefore, violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and the Law of the Land Clause in Art. I, § 19, of the Constitution of North Carolina. We find no merit in any of these contentions.

Article IX, §§ 8 and 9, of the Constitution of North Carolina, prior to the revision which became effective on 1 July 1971, provides:

Sec. 8: *"State Board of Education.*—The general supervision and administration of the free public school system * * * shall * * * be vested in the State Board of Education * * *."

Sec. 9: *"Powers and duties of the board.*—The State Board of Education shall succeed to all the powers and trusts of the President and Directors of the Literary Fund of North Carolina and the State Board of Education as heretofore constituted. The State Board of Education shall have power to divide the State into a convenient number of school districts; to regulate the grade, salary and qualifications of teachers; to provide for the selection and adoption of the text books to be used in the public schools; to apportion and equalize the public school funds over the State; and generally to supervise and administer the free

public school system of the State and make all needful rules and regulations in relation thereto. All the powers enumerated in this section shall be exercised in conformity with this Constitution and subject to such laws as may be enacted from time to time by the General Assembly."

The last sentence in Art. IX, § 9, above quoted, was designed to make, and did make, the powers so conferred upon the State Board of Education subject to limitation and revision by acts of the General Assembly. The Constitution, itself, however, conferred upon the State Board of Education the powers so enumerated, including the powers to regulate the salaries and qualifications of teachers and to make needful rules and regulations in relation to this and other aspects of the administration of the public school system. Thus, in the silence of the General Assembly, the authority of the State Board to promulgate and administer regulations concerning the certification of teachers in the public schools was limited only by other provisions in the Constitution, itself.

The revision of the Constitution of North Carolina, which took effect 1 July 1971, provides in Art. IX, Sec. 4, for the appointment of the members of the State Board of Education and in Sec. 5 states its powers as follows:

"Sec. 5. *Powers and duties of Board.*—The State Board of Education shall supervise and administer the free public school system and the educational funds provided for its support, except the funds mentioned in Section 7 of this Article, and shall make all needed rules and regulations in relation thereto, subject to laws enacted by the General Assembly."

Rules and regulations relating to the certification of teachers being needed for the effective supervision and administration of the public school system, there is no difference in substance between the powers of the State Board of Education with reference to this matter under the old and the new Constitutions.

Chapter 115 of the General Statutes, entitled "Elementary and Secondary Education," contains 357 sections dealing in detail with various aspects of the maintenance and operation of the public school system in North Carolina. None of these pro-

Guthrie v. Taylor

visions specifically limits the authority of the State Board of Education to promulgate or administer rules and regulations concerning the certification of teachers. On the contrary, G.S. 115-11 provides:

> "The powers and duties of the State Board of Education are defined as follows: * * *

> "(14) Miscellaneous Powers and Duties.—All the powers and duties exercised by the State Board of Education shall be in conformity with the Constitution and subject to such laws as may be enacted from time to time by the General Assembly. Among such duties are:

> "a. To certify and regulate the grade and salary of teachers and other school employees. * * *."

By G.S. 115-152, all teachers in the public schools are required to hold certificates. G.S. 115-153 provides:

> "The State Board of Education shall have entire control of certificating all applicants for teaching, supervisory, and professional positions in all public elementary and high schools of North Carolina; and it shall prescribe the rules and regulations for the renewal and extension of all certificates * * *."

The defendant contends that the authority to promulgate rules and regulations relating to the certification of teachers is not lawfully conferred upon the State Board of Education for the reason that these statutes do not set forth standards by which the State Board of Education is to be guided in the promulgation and administration of such rules and regulations.

These statutes, all enacted in their present form prior to the revision of the Constitution, neither enlarge nor restrict the authority to make rules and regulations concerning the certification of teachers conferred by the Constitution of North Carolina upon the State Board of Education. Thus, they are not delegations of power to the State Board of Education by the General Assembly.

The plaintiff relies in his brief upon G.S. 115-156 which provides:

> "*Colleges to aid as to certificates.*—Each and every college or university of the State is hereby authorized to aid

public school teachers or prospective teachers in securing, raising, or renewing their certificates, in accordance with the rules and regulations of the State Board of Education."

[2] It is not necessary upon this appeal to determine the meaning of G.S. 115-156. It is sufficient to observe that it does not purport to enlarge or restrict the power of the State Board of Education to promulgate and administer rules and regulations governing the issuance and the renewal of teachers' certificates. Thus, the authority of the State Board of Education to promulgate and administer such rules and regulations is that which has been conferred upon it by the Constitution of the State.

When the General Assembly delegates to administrative officers and agencies its own power to prescribe detailed administrative rules and regulations governing the right of individuals to engage in a trade or profession, the statute granting such authority must lay down or point to a standard for the guidance of the officer or agency in the exercise of his or its discretion. Otherwise, such statute will be deemed an unlawful delegation by the General Assembly of its own authority. *Turnpike Authority v. Pine Island*, 265 N.C. 109, 143 S.E. 2d 319; *In re Annexation Ordinances*, 253 N.C. 637, 645, 117 S.E. 2d 795; *State v. Harris*, 216 N.C. 746, 6 S.E. 2d 854, 128 A.L.R. 658. See also, *Lanier, Comr. of Insurance v. Vines*, 274 N.C. 486, 164 S.E. 2d 161. The reason is that the people, in the Constitution of North Carolina, Art. II, § 1, have conferred their legislative power upon the General Assembly. This power it may not transfer to another officer or agency without the establishment of such standards for his or its guidance so as to retain in its own hands the supreme legislative power.

[3] This principle has no application to a direct delegation by the people, themselves, in the Constitution of the State, of any portion of their power, legislative or other. In such case, we look only to the Constitution to determine what power has been delegated. Where, as here, power to make rules and regulations has been delegated to an administrative board or agency by the Constitution, itself, the delegation is absolute, except insofar as it is limited by the Constitution of the State, by the Constitution of the United States or by the Legislature, or some other agency, pursuant to power expressly conferred upon it by the Constitution.

[2]  The State Board of Education derives powers both from the Constitution, as above noted, and from acts of the General Assembly contained in Chapter 115 of the General Statutes. *State v. Williams,* 253 N.C. 337, 117 S.E. 2d 444. The above mentioned principle forbidding delegation of legislative powers without the establishment of appropriate standards applies to the powers conferred upon the Board by statute. *State v. Williams, supra.* It does not apply to the powers conferred upon the Board by the Constitution.

[4]  No question arises under the Constitution of the United States with reference to the validity of such delegation of authority to the State Board of Education. As the Supreme Court of the United States, speaking through Mr. Justice Cardozo, said in *Highland Farms Dairy v. Agnew,* 300 U.S. 608, 57 S. Ct. 549, 81 L. Ed. 835, "How power shall be distributed by a state among its governmental organs is commonly, if not always, a question for the state itself."

[2]  We hold that the promulgation and administration of the regulation of which the plaintiff complains fall within the authority conferred upon the State Board of Education by the Constitution of North Carolina in the provisions above cited. Consequently, it may be properly made applicable to the plaintiff, unless it is unreasonably discriminatory, so as to be in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution or the like clause in Art. I, § 19, of the Constitution of North Carolina, or is so arbitrary and unreasonable as to amount to a deprivation of the plaintiff's liberty or property, in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States or the similar Law of the Land Clause of Art. I, § 19, of the Constitution of North Carolina.

[5]  Neither the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution nor the similar language in Art. I, § 19, of the Constitution of North Carolina takes from the State the power to classify persons or activities when there is reasonable basis for such classification and for the consequent difference in treatment under the law. *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 31 S. Ct. 337, 55 L. Ed. 369; *Silver v. Silver,* 280 U.S. 117, 50 S. Ct. 57, 74 L. Ed. 221; *Cheek v. City of Charlotte,* 273 N.C. 293, 160 S.E. 2d 18; *Motley*

*v. Board of Barber Examiners,* 228 N.C. 337, 45 S.E. 2d 550, 175 A.L.R. 253; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198. The test is whether the difference in treatment made by the law has a reasonable basis in relation to the purpose and subject matter of the legislation. *Cheek v. City of Charlotte, supra; State v. Trantham, supra.*

[6] The regulation of which the plaintiff complains requires all teachers employed in the public school system of North Carolina to obtain a renewal of their teaching certificates every five years and prescribes for all teachers the same number of credits and the same methods for obtaining such credits for the renewal of their certificates. The plaintiff attacks the regulation because it is not made to apply to employees of the State Board of Education whose duties are performed in the Board's offices in the City of Raleigh. These employees are not engaged in teaching. Since the purpose of requiring a certificate to teach is to assure good quality of performance in the classroom, there is an obvious and reasonable basis for making the rule applicable to those who teach and omitting from its applicability those who do not. Thus, the requirement in question does not deny to the plaintiff the equal protection of the law.

[7] It is equally clear that there is a reasonable basis for the belief that the quality of a teacher's classroom performance will be improved if the teacher, by taking further courses in a college or university, or by one or the other means of earning credits permitted by the regulation in question, broadens or refreshes his or her own knowledge. Not only is there a constant discovery of new truth, even in fields to which instruction in the public schools relates, but there is also constant change in teaching skills, methods and techniques. It cannot be deemed arbitrary for the State to insist that the teachers in its public schools keep their own knowledge abreast of such changes. Nor is it arbitrary to require that this be done by one or more procedures, which may reasonably be deemed likely to produce the desired result, to the exclusion of other procedures which might also be deemed reasonably likely to do so. Such choice between possibly effective procedures is for the rule making authority, not for this Court.

As Mr. Justice Minton, speaking for the Supreme Court of the United States in *Adler v. Board of Education,* 342 U.S. 485, 492, 72 S. Ct. 380, 96 L. Ed. 517, said:

"It is clear that such persons [teachers in the public schools] have the right under our law to assemble, speak, think and believe as they will. [Citation omitted.] It is equally clear that they have no right to work for the State in the school system on their own terms. *United Public Workers v. Mitchell*, 330 U.S. 75. They may work for the school system upon the reasonable terms laid down by the proper authorities of [the State]. If they do not choose to work on such terms, they are liberty to retain their benefits and associations and go elsewhere. * * * A teacher works in a sensitive area in a schoolroom. There he shapes the attitude of young minds toward the society in which they live. In this, the state has a vital concern. It must preserve the integrity of the schools. That the school authorities have the right and the duty to screen the officials, teachers, and employees as to their fitness to maintain the integrity of the schools as a part of ordered society, cannot be doubted."

The law of New York sustained in the Adler case was held unconstitutional in the subsequent case of *Keyishian v. Board of Regents of the University of the State of New York*, 385 U.S. 589, 87 S. Ct. 675, 17 L. Ed. 2d 629, with reference to the denial to public school teachers of rights of association, which the Supreme Court of the United States there held to be protected by the First Amendment to the Constitution of the United States. However, the above quoted statements of Mr. Justice Minton in the Adler case have not been rejected by the Supreme Court of the United States in regard to the general right of the State, as employer, to prescribe qualifications to be met by those seeking to teach in its schools.

There being a reasonable basis for the requirement that a teacher periodically renew his or her certificate by further study or by educational travel, as the regulation in question provides, it is immaterial whether the plaintiff be correct in his contention that experience gained by continuous teaching in the public schools is an equally efficacious method for maintaining and improving the quality of instruction. There being a reasonable basis for the opinion reached and expressed by the State Board of Education, in the exercise of the legislative power conferred upon it by the Constitution of North Carolina, this Court is not authorized to substitute its judgment for that of the State Board

of Education and to declare the regulation, adopted by the Board, invalid on the ground that, in our opinion, some other method for earning the required credits for renewal would be equally as satisfactory in result.

Since the regulation adopted by the State Board of Education cannot be deemed unreasonable or arbitrary in relation to the objective of improved instruction, there is no basis for holding its application to the plaintiff, and others similarly situated, is a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution or of the Law of the Land Clause in Art. I, § 19, of the Constitution of North Carolina.

We find no error in any of the conclusions of law reached by the trial court.

Affirmed.