LARRY DEAN BOWENS, D. LESTER DIGGS, WILLIAM R. FEWELL, JR.,
CLIFTON EDWARD GRAVES, JR., FRED HARRISON, KAREN IANTHA
JACKSON, MICHELLE JACKSON, EARL FREDERICK JONES, NAY L.
MALLOY, EMERY L. RANN, III, AND DENISE MAJETTE WELCH v. THE
BOARD OF LAW EXAMINERS OF THE STATE OF NORTH CAROLINA;
ROBERT C. HOWISON, JR., INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACI-
TY AS CHAIRMAN OF THE BOARD OF LAW EXAMINERS OF THE STATE OF NORTH
CAROLINA, HORACE E. STACY, JR., W. H. McELWEE, WALTER R.
McGUIRE, FRANCES I. PARKER, ERIC C. MICHAUX, JAMES MULLEN,
C. EDWIN ALLMAN, JOHN T. ALLRED, JOHN D. WARLICK, JR., AND
JAMES L. NELSON, INDIVIDUALLY AND IN THEIR REPRESENTATIVE CAPACITIES AS
MEMBERS OF THE BOARD OF LAW EXAMINERS OF THE STATE OF NORTH CAROLINA,
AND FRED P. PARKER, III, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITY
AS EXECUTIVE SECRETARY TO THE BOARD OF LAW EXAMINERS OF THE STATE OF
NORTH CAROLINA

No. 8110SC544

(Filed 4 May 1982)

1. **Attorneys at Law § 2— right to practice law**
      There is no unqualified natural or constitutional right to practice law;
   rather, the right to practice law is an earned right, and a state may require a
   showing of proficiency in its law before it admits an applicant to the Bar.

2. **Attorneys at Law § 2— law examinations—no delegation of legislative power
   to Board of Law Examiners**
      The statute giving the Board of Law Examiners the duty of examining ap-
   plicants for the Bar of this State, G.S. 84-24, does not constitute an unlawful
   delegation of legislative authority in violation of Art. II, § 1 of the N.C. Con-
   stitution.

3. **Attorneys at Law § 2— Bar examination—absence of ascertainable grading
   standards—no violation of due process and equal protection**
      The rules and regulations of the Board of Law Examiners do not violate
   due process and equal protection because they contain no ascertainable
   grading standards for the largely essay Bar examination since (1) essay ex-
   aminations are rationally related to an applicant's fitness to practice law, and
   (2) the Board has no constitutional obligation to adopt ascertainable standards
   for evaluation and grading.

4. **Attorneys at Law § 2— unsuccessful Bar applicants—allegations that answers
   same as those of successful candidates**
      Plaintiffs' bare assertion that answers submitted by them on a Bar ex-
   amination which they failed were in substance the same as those written by
   successful candidates was inadequate to state a claim for relief against the
   Board of Law Examiners.

5. **Attorneys at Law § 2— failure of Bar examination—absence of hearing—due process**

> There is no merit to the contention of plaintiffs who twice failed the Bar examination that their rights to due process were violated because there was no opportunity under G.S. 84-24 for an aggrieved applicant to be heard regarding the actions of the Board of Law Examiners since (1) due process is afforded by the opportunity for failing applicants to be reexamined, and (2) the Supreme Court has otherwise approved, pursuant to G.S. 84-21, rules for appeals from the Board as appear in the Rules Governing Admission to the Practice of Law in the State of North Carolina.

APPEAL by plaintiffs from *Hobgood, Judge.* Judgment entered 26 February 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 1 February 1982.

The eleven named plaintiffs were twice denied licenses to practice law in North Carolina, all having failed the North Carolina Bar Examination in 1979 and 1980. They brought a declaratory judgment action seeking a declaration of the unconstitutionality of G.S. 84-24, to have all rules and regulations promulgated by the Board of Law Examiners pursuant to G.S. 84-24 for the admission to the practice of law in this State declared void, and to enjoin the Board of Law Examiners from enforcing the rules and regulations.

Plaintiffs alleged that the Board of Law Examiners, pursuant to its power under G.S. 84-24, has conducted examinations without benefit of guidelines or direction from the legislature or any agency thereof, and that G.S. 84-24 sets forth no model under which the Board must act. They contend that the statute is an unlawful delegation of legislative authority and that it is violative of Article II, Section 1 of the North Carolina Constitution. Plaintiffs maintain that the Board's rules and regulations belie their rights of due process and equal protection of the laws because said rules are "arbitrary, unreasonable, discriminatory and capricious in failing to provide ascertainable standards for evaluation and grading." Plaintiffs alleged that they wrote responses to the questions posed in the 1979 and 1980 bar examinations "which were in substance the same as answers written by successful bar candidates," but that they were denied a passing grade and their rights violated by the Examiners' "arbitrary, unreasonable, discriminatory and capricious evaluation and grading" of their exam papers. Plaintiffs also averred that the rules governing ad-

mission to the Bar provide no opportunity for an aggrieved party to be heard concerning actions resulting from the exercise of the Board's discretion.

Defendants moved to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7). The court entered summary judgment under Rule 12(b)(6), for failure to state a claim upon which relief could be granted, and plaintiffs appeal.

*Attorney General Edmisten, by Special Deputy Attorney General and Special Assistant to the Attorney General David S. Crump, for the State.*

*Malone, Johnson, DeJarmon and Spaulding, by C. C. Malone, Jr., for plaintiff appellants.*

MORRIS, Chief Judge.

Plaintiffs allege that G.S. 84-24 affects their fundamental human right to practice their chosen profession and that the statute is an unconstitutional delegation of legislative authority; therefore, they have stated a cause of action for declaratory judgment under G.S. 1-253 and defendants' Rule 12(b)(6) motion was improvidently granted. We disagree and hold that dismissal was proper.

[1] The complaint is couched partly in terms of an alleged denial of plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. Plaintiffs' memorandum in opposition of the motion to dismiss describes the prerogative to practice one's chosen profession as a "fundamental human right," said to be, in the case at hand, the privilege of practicing law. The right to practice law is an earned right, however, *Baker v. Varser*, 240 N.C. 260, 82 S.E. 2d 90 (1954), and it has been acknowledged by this land's highest court that a state may require a showing of proficiency in its law before it admits an applicant to the Bar. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed. 2d 796 (1957). We are otherwise unaware of any unqualified natural or constitutional right to pursue a given calling, and turn immediately to plaintiffs' argument, grounded on Article II, Section 1 of the North Carolina Constitution, that G.S. 84-24 is an unlawful delegation of legislative authority.

[2]  G.S. 84-24 establishes the Board of Law Examiners as an administrative agency of the State, with the duty of examining applicants and providing rules and regulations for admission to the Bar. *In re Willis*, 288 N.C. 1, 215 S.E. 2d 771, *appeal dismissed*, 423 U.S. 976, 96 S.Ct. 389, 46 L.Ed. 2d 300 (1975).

> It is well established that the constitutional power to establish the qualifications for admission to the Bar of this State rests in the Legislature. *In Re Applicants for License*, 143 N.C. 1, 55 S.E. 635 (1906); *accord, Baker v. Varser*, 240 N.C. 260, 82 S.E. 2d 90 (1954); *State v. Ballance*, 229 N.C. 764, 51 S.E. 2d 731 (1949); *State v. Harris*, 216 N.C. 746, 6 S.E. 2d 854 (1940); *Seawell, Attorney-General v. Motor Club*, 209 N.C. 624, 184 S.E. 540 (1936); *State v. Lockey*, 198 N.C. 551, 152 S.E. 693 (1930). It is equally well settled that the Legislature may delegate a limited portion of its power as to some specific subject matter if it prescribes the standards under which the agency is to exercise the delegated authority. *Turnpike Authority v. Pine Island*, 265 N.C. 109, 143 S.E. 2d 319 (1965).

*Id.* at 14-15, 215 S.E. 2d at 779. The Legislature, however, "may confer upon executive officers or bodies the power of granting or refusing to license persons to enter . . . trades or professions only when it has prescribed a sufficient standard for their guidance." *State v. Harris*, supra at 754, 6 S.E. 2d at 860. The subjective touchstone of "character and general fitness" to which the Board of Law Examiners must refer has been deemed a constitutional standard by the North Carolina Supreme Court. *In re Willis*, supra. Plaintiffs in the present action attack the other inquiry authorized by G.S. 84-24, i.e., examination of applicants to the Bar, as an unlawful delegation of legislative authority.

G.S. 84-24 stipulates that "[t]he examination shall be held in such manner and at such times as the Board of Law Examiners may determine." The requirement to conduct examinations is, in itself, a guideline, and any stricter

> . . . adherence to ideal notions of the non-delegation doctrine would unduly hamper the General Assembly in the exercise of its constitutionally vested powers. . . . A modern legislature must be able to delegate . . . "a *limited* portion of its legislative powers" to administrative bodies which are

equipped to adapt legislation "to complex conditions involving numerous details with which the Legislature cannot deal directly." (Citations omitted.)

*Adams v. Department of Natural and Economic Resources and Everett v. Department of Natural and Economic Resources*, 295 N.C. 683, 696-97, 249 S.E. 2d 402, 410 (1978). The law is complex, protean, and ever-growing. We can think of no more appropriate delegation of authority than that of testing to determine a capability to practice within its seamless fabric. The legislative goal being the protection of the public interest by the maintenance of a competent Bar, the determination of proficiency becomes a ministerial function, not a matter of managing public affairs. The Board of Law Examiners is, therefore, not required " '. . . to make important policy choices which might just as easily be made by the elected representatives in the legislature,' " *id.* at 697-98, 249 S.E. 2d at 411, but merely to compile and administer examinations. Form, grading and logistics only are left to the Board, which does no violence to constitutional principle.

[3]   Plaintiffs' complaint alleges that the rules and regulations of the Board of Law Examiners are a violation of the Fourteenth Amendment to the United States Constitution because they contain no ascertainable grading standards. By challenging the subjective criteria required to grade the exam, which is largely essay in form, plaintiffs indirectly attack the form of the examination itself. *Tyler v. Vickery*, 517 F. 2d 1089 (5th Cir. 1975), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed. 2d 393 (1976). Essay examinations utilized in testing are rationally related to applicants' fitness to practice law, *Chaney v. State Bar of California*, 386 F. 2d 962 (9th Cir. 1967), *cert. denied*, 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed. 2d 162, *reh. denied*, 391 U.S. 929, 88 S.Ct. 1803, 20 L.Ed. 2d 670 (1968); *Tyler v. Vickery*, supra. Moreover, the Board has no obligation to adopt ascertainable standards for evaluation and grading.

> Insofar as the plaintiffs attack the lack of 'objective' criteria for grading essay examinations, we note that this challenge has been rejected by virtually every court which has considered it. *Tyler v. Vickery*, 5 Cir. 1975, 517 F. 2d 1089, 1102-03; *Whitfield v. Illinois Board of Law Examiners*, 7 Cir. 1974, 504 F. 2d 474, 476-77 n. 5; *Feldman v. State Board of*

*Law Examiners*, 8 Cir. 1971, 438 F. 2d 699, 705; *Chaney v. State Bar of California*, 9 Cir. 1967, 386 F. 2d 962, 964-65, cert. denied 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed. 2d 162.

*Singleton v. Louisiana State Bar Association*, 413 F. Supp. 1092, 1097 (E.D. La. 1976). The subjective grading procedures utilized by the Board are not, therefore, unconstitutional.

[4] Plaintiffs, by their complaint, also allege that each of them wrote answers to the 1979 and 1980 bar examinations "which were in substance the same as answers written by successful bar candidates," but that they were denied a passing grade on the examinations by arbitrary and discriminatory grading, again in violation of their Fourteenth Amendment rights. Plaintiffs do not buttress the allegation with any assertion of fact or forecast of offer of proof.

> We will not embark on an investigation to ascertain the integrity of the examination results in the absence of clear unequivocal allegations of probative facts that would establish fraud, imposition, discrimination or manifest unfairness on the part of the examiners.

*Petition of DeOrsey*, 112 R.I. 536, 543, 312 A. 2d 720, 724 (1973). The mere assertion of a grievance is insufficient to state a claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Besides the bare assertion that the answers submitted by plaintiffs were the same as those written by successful candidates, there is no allegation whatsoever indicating in what manner the Board's evaluations were unreasonable, discriminatory, or capricious. Plaintiffs' allegation is, therefore, inadequate to state a claim on which relief can be granted.

[5] Plaintiffs' allegation that there is no opportunity under G.S. 84-24 for an aggrieved applicant to be heard regarding the Board's actions is not accompanied by any assertion of a right to a hearing. We note, nonetheless, that although a state cannot exclude a person from the practice of law for reasons that contravene the Due Process Clause of the Fourteenth Amendment, *Schware v. Board of Law Examiners*, supra, "entitlement to a hearing does not automatically flow from a finding that procedural due process is applicable." *Tyler v. Vickery*, supra at 1103. Indeed, due process is afforded by the opportunity for fail-

ing applicants to be reexamined. *Tyler v. Vickery,* supra. The Supreme Court has otherwise approved, pursuant to G.S. 84-21, rules for appeals from the Board as appear in the Rules Governing Admission to the Practice of Law in the State of North Carolina.

Plaintiffs are entitled to no relief under any state of facts which could be proved in support of their pleading. The motion to dismiss under Rule 12(b)(6) was properly granted. The judgment is, therefore,

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.