ELLEN BRING, Petitioner v. NORTH CAROLINA STATE BAR, Respondent

No. COA96-815

(Filed 1 July 1997)

**1. Attorneys at Law § 8 (NCI4th)— bar exam applicant— nonaccredited law school—legislative delegation of rule- making authority**

A trial judge did not err by affirming a decision of the Bar Council that petitioner was not eligible to take the bar exam because her law school was not ABA approved. The statute which establishes the Board of Law Examiners' rule making power, N.C.G.S. § 84-24, is not an unconstitutional delegation of legislative authority because the statute authorizes the Board to make rules for admission to the Bar which promote the welfare of the State and the profession, a standard which represents a guideline for the Board to follow in establishing rules for admis- sion. The Legislature has properly delegated the ministerial task of investigating law schools to determine whether they meet the minimum threshold requirement to the Board of Law Examiners; there are literally hundreds of educational institutions which offer a course of study in law and the Legislature is not equipped to investigate law schools to determine whether they meet the minimum threshold requirement.

**Am Jur 2d, Attorneys at Law § 13.**

**Procedural due process requirements in proceedings involving applications for admission to bar. 2 ALR3d 1266.**

**Validity and construction of statutes or rules condi- tioning right to practice law upon residence or citizenship. 53 ALR3d 1163.**

**2. Attorneys at Law § 8 (NCI4th)— bar exam applicant— nonaccredited law school—no individualized consideration of school—not unreasonable exercise of discretion**

The Bar Council did not err by following American Bar Association guidelines for the accreditation of law schools in considering petitioner's application to take the bar exam rather than giving individualized consideration to the qualifications or merits of her school, the New College of California School of Law. The policy requiring that applicants for admission to the

**BRING v. N.C. STATE BAR**

[126 N.C. App. 655 (1997)]

North Carolina Bar graduate from an ABA approved law school is a reasonable means of assuring that applicants have a competent legal education and facilitates the legislative goal of protection of the public interest by the maintenance of a competent Bar. The American Bar Association has developed objective and evaluative criteria for assessing the quality of a law school; requiring the Board of Law Examiners to investigate the individual qualifications of every nonaccredited law school each time a graduate applies for admission to our Bar would place an unreasonable burden on the Board.

**Am Jur 2d, Attorneys at Law § 13.**

**Procedural due process requirements in proceedings involving applications for admission to bar. 2 ALR3d 1266.**

**Validity and construction of statutes or rules conditioning right to practice law upon residence or citizenship. 53 ALR3d 1163.**

Appeal by petitioner from order dated 31 May 1996 by Judge James C. Spencer, Jr. in Wake County Superior Court. Heard in the Court of Appeals 29 April 1997.

Petitioner, Ellen Bring, is an attorney licenced to practice law in California with a bachelor's degree from the University of California at Berkeley and a law degree from The New College of California School of Law in San Francisco, California. She was licensed to practice law in California in 1979, and practiced in California as a member in good standing of the California Bar for fifteen years.

On 26 June 1995, Ms. Bring petitioned the Council of the North Carolina State Bar for eligibility to take the North Carolina Bar Examination. In her petition, she asked the Bar Council to approve The New College of California School of Law as fulfilling the requirements for legal education proscribed in section .0701 of the rules for Admission to the Practice of Law. On 29 August 1995, the Bar Council denied Ms. Bring's petition because "the New College of California School of Law has not been approved by the American Bar Association" and the Bar's current policy is to approve "only those schools which have themselves been approved by the American Bar Association." On 29 September 1995, Ms. Bring filed a Petition for Judicial Review in Wake County Superior Court in accordance with the procedure prescribed in N.C. Gen. Stat. § 150B-45 alleging that

the Council's denial of her petition was "in violation of constitutional provisions." On 31 May 1996, Judge James C. Spencer, Jr. entered an Order affirming the decision of the Bar Council. The petitioner appeals from that Order.

*Harry H. Harkins, Jr. for petitioner-appellant.*

*Carolin Bakewell for respondent-appellee.*

ARNOLD, Chief Judge.

[1] The Petitioner first contends that N.C. Gen. Stat. § 84-24, which establishes the Board of Law Examiner's rule making power, "violates Article 1, § 6 and Article II, § 1 of the North Carolina Constitution as an unconstitutional delegation of legislative authority." G.S. § 84-24 provides, in pertinent part:

> The Board of Law Examiners, subject to the approval of the Council shall by majority vote, from time to time, make, alter and amend such rules and regulations for admission to the Bar as in their judgment shall promote the welfare of the State and the profession . . . .

N.C. Gen. Stat. § 84-24 (1995).

Pursuant to the power delegated to the Board of Law Examiners by the Legislature in this statute, the Board promulgates rules setting forth the guidelines for admission to the practice of law in North Carolina. Petitioner's contention that the Bar Council improperly denied approval of the New College of California School of Law relates specifically to Rule .0702 of the Rules Governing Admission to Practice of Law. Rule .0702 states, in pertinent part:

> .0702 Legal Education
>
> Every applicant applying for admission to practice law in the State of North Carolina, before being granted a license to practice law, shall prove to the satisfaction of the board that said applicant has graduated from a law school approved by the Council of the North Carolina State Bar or that said applicant will graduate within thirty (30) days after the date of the written bar examination from a law school approved by the Council of the North Carolina State Bar . . . .

N.C. Admin. Code tit 21, r. 30.0702 (February 1988).

The Council's current policy in considering the eligibility of an applicant's legal education is to approve "only those schools which have themselves been approved by the American Bar Association." The Petitioner contends that the Board's actions pursuant to Rule .0702 and this policy constitute an unconstitutional delegation of legislative authority because "[t]he Board of Law Examiners, not the legislature, is setting the policy and establishing the minimum requirements for admission to the practice of law."

This Court and the Supreme Court have twice before reviewed challenges to the Board of Law Examiner's power under G.S. § 84-24 and determined that the statute does not represent an unlawful delegation of legislative power. *In re Willis*, 288 N.C. 1, 215 S.E.2d 771 (1975) ("character and general fitness" requirement of the statute regulating admission to the bar and the "good moral character" requirement of the Board of Law Examiner's rule promulgated thereunder were constitutionally permissible standards); *Bowens v. Board of Law Examiners*, 57 N.C. App. 78, 291 S.E.2d 170 (1982) (portion of G.S. § 84-24 delegating the time and manner of administering the bar examination did not constitute an unlawful delegation of legislative authority).

The Supreme Court explained the delegation doctrine in *Willis*:

> It is well established that the constitutional power to establish the qualifications for admission to the Bar of this State rests in the Legislature. It is equally well settled that the Legislature may delegate a limited portion of its power as to some specific subject matter if it prescribes the standards under which the agency is to exercise the delegated authority. In licensing those who desire to engage in professions or occupations such as may be proper subjects of such regulation, the Legislature may confer upon executive officers or bodies the power of granting or refusing to license persons to enter such trades or professions only when it has prescribed a sufficient standard for their guidance.

*In re Willis*, 288 N.C. 1, 14-15, 215 S.E.2d 771, 779 (1975) (citations omitted). G.S. § 84-24 authorizes the Board of Law Examiners to make rules for admission to the State's bar "as in their judgment shall promote the welfare of the State and the profession." This standard represents a guideline for the Board to follow in establishing rules for admission to the bar. In *Bowens v. Board of Law Examiners*, the bar applicant challenged the statutory guideline in G.S. § 84-24 that "[t]he

**BRING v. N.C. STATE BAR**

[126 N.C. App. 655 (1997)]

examination shall be held in such manner and at such times as the Board of Law Examiners may determine." 57 N.C. App. 78, 81-82, 291 S.E.2d 170, 172 (1982). The *Bowens* court recognized that "[t]he law is complex, protean, and ever-growing," therefore, the legislature must be able to delegate a portion of the legislative powers to the Board of Law Examiners, who are "equipped to adapt legislation to complex conditions involving numerous details with which the Legislature cannot deal directly." *Id.* (Citations omitted.) In holding that the guideline for administering the bar examination set forth in G.S. § 84-24 is not an unlawful delegation of legislative authority, the *Bowens* court stated that "the determination of proficiency (in the law) becomes a ministerial function, not a matter of managing public affairs . . . [t]he Board of Law Examiners is, therefore, not required to make important policy choices which might just as easily be made by the elected representatives in the Legislature." *Id.* (Citations omitted.)

To accept the petitioner's argument, we must conclude that approval of an applicant's legal education is an "important policy choice" and not a ministerial function. To qualify for admission to the bar in North Carolina, applicants are no longer allowed to establish their proficiency in the law singularly by obtaining a satisfactory grade on the written examination. The applicant must meet the threshold requirement of successfully completing a full course of study at a law school. The requirement for a legal education would be of no importance if the Board were unable to establish guidelines to review whether a law school's curriculum satisfies the threshold requirement. There are literally hundreds of educational institutions which offer a course of study in law. The Legislature, under petitioner's argument, would have to review the law school any time one of its graduates applied for admission to this state's bar. Clearly, the Legislature is not equipped to investigate law schools with graduates applying for admission to the North Carolina bar to determine whether those law schools meet the minimum threshold requirement. The Legislature has properly delegated this ministerial task to the Board of Law Examiners, providing that only a legal education that meets the greater goal of "promot[ing] the welfare of the State and the profession" will satisfy the professional requirements.

[2] The petitioner next contends that "the Council's refusal to give individualized consideration to the merits of the petition was arbitrary and capricious." Specifically, the petitioner argues that the Council erred by following the American Bar Association (ABA)

guidelines for the accreditation of law schools and not giving "individualized consideration to the qualifications or merits of New College." The reviewing court applies the "whole record" test when determining whether an agency decision is arbitrary and capricious. *Brooks v. ReBarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 344 (1988). "Ultimately, the whole record test is a means to determine if the administrative decision had a rational basis in the evidence." *Floyd v. N.C. Dept. of Commerce*, 99 N.C. App. 125, 128, 392 S.E.2d 660, 662 (1990).

Numerous state and federal courts have upheld rules restricting bar admission to graduates of ABA approved law schools. *See, e.g.,* *Application of Hansen*, 275 N.W.2d 790 (Minn. 1978); *Petition of Dolan*, 445 N.W.2d 553 (Minn. 1989); *Wilson v. Board of Governors, Washington State Bar Ass'n*, 90 Wash.2d 649, 585 P.2d 136 (1978); *Murphy v. Egan*, 498 F. Supp. 240 (E.D. Pa. 1980); *Nordgren v. Hafter*, 616 F. Supp. 742 (S.D. Miss. 1985); *Matter of Tocci*, 413 Mass. 542, 600 N.E.2d 577 (1992); *In re Amendola*, 111 Nev. 785, 895 P.2d 1298 (1995); *Application of Schlittner*, 146 Ariz. 198, 704 P.2d 1343 (1985).

It is not arbitrary to limit permission to take the bar examination to a certain group of persons if the limitation is reasonably related to a legitimate objective, such as fitness to practice law. *Wilson v. Board of Governors, Washington State Bar Ass'n*, 90 Wash. 2d 649, 652, 585 P.2d 136, 139 (1978). The policy requiring that applicants for admission to the North Carolina bar graduate from an ABA approved law school is a reasonable means of assuring that applicants have a competent legal education and facilitates the legislative goal of "protection of the public interest by the maintenance of a competent Bar." *Bowens*, 57 N.C. App. *at* 82, 291 S.E.2d *at* 172. Furthermore, the American Bar Association has developed objective and evaluative criteria for assessing the quality of a law school. Requiring the Board of Law Examiners to investigate the individual qualifications of every nonaccredited law school each time a graduate from a nonaccredited law school applies for admission to this State's bar would place an unreasonable burden on the Board. The Board's decision, therefore, to deny Ms. Bring's petition for approval of The New College of California School of Law based on the policy of limiting approval to ABA accredited institutions was rationally based on the evidence presented and a sound and reasonable exercise of the discretion of the Board of Law Examiners.

Affirmed.

Judges WALKER and MARTIN, Mark D., concur.