ELLEN BRING, Petitioner v. NORTH CAROLINA STATE BAR, Respondent

No. 355PA97

(Filed 30 July 1998)

**Attorneys at Law § 8 (NCI4th)— bar exam applicant—law school not ABA accredited—Bar rules—constitutional delegation of power—properly adopted**

The trial court did not err by affirming the Bar Council's decision denying a petition to take the North Carolina Bar Examination from a petitioner who has practiced in California for fifteen years after receiving her degree from a school fully accredited by the State Bar of California but not approved by the American Bar Association. N.C.G.S. § 84-24 is not an unconstitutional delegation of power to the Board of Law Examiners without adequate standards; the directions given by the legislature are as specific as the circumstances require and there are adequate procedural safeguards in the statute. It is not practical for the General Assembly to micro manage the making of rules for the Board and the Board, with its sixty years of experience, can apply its expertise to the issue in a manner which the General Assembly cannot. The policy of allowing only graduates of ABA-approved law schools to sit for the bar examination was properly adopted; N.C.G.S. § 84-21 gives specific directions as to how the Board shall adopt rules, which govern over the general rule making provision of the Administrative Procedure Act. Finally, it was not necessary for the Council to promulgate its list of approved law schools as a rule; Rule .0702 referred to the list of approved law schools and the list was available at the office of the State Bar.

Justice ORR dissenting.

Justice LAKE joins in this dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 and on appeal of right of a constitutional question pursuant to N.C.G.S. § 7A-30(1) to review a decision of the Court of Appeals, 126 N.C. App. 655, 486 S.E.2d 236 (1997), affirming an order entered by Spencer, J., on 4 June 1996 in Superior Court, Wake County. Heard in the Supreme Court 18 December 1997.

This case arises from Ellen Bring's petition to the North Carolina State Bar Council seeking permission to take the North Carolina Bar Examination. The petitioner received her law degree from the New College of California School of Law ("New College") in 1979, a school fully accredited by the State Bar of California but not approved by the American Bar Association (ABA). She was admitted to the California Bar in 1979 and practiced in that state for fifteen years.

In her petition, the petitioner asked the Bar Council to approve New College as meeting the law school approval requirements of Rule .0702 of the North Carolina Rules Governing Admission to Practice of Law. On 29 August 1995, the Council denied the petition on the ground that New College had "not been approved by the American Bar Association."

On 2 October 1995, the petitioner petitioned the Superior Court of Wake County for judicial review. On 4 June 1996, the trial court entered an order affirming the Council's decision. The petitioner appealed the order to the Court of Appeals, which affirmed the order of the superior court. We granted the petitioner's petition for discretionary review.

*Harry H. Harkins, Jr., for petitioner-appellant.*

*Carolin Bakewell for respondent-appellee.*

WEBB, Justice.

The petitioner challenges the refusal of the Bar Council to approve New College so that she can sit for the bar examination. She contends that the scheme with which she must comply to take the examination violates the North Carolina Constitution. She also says the refusal of the Council to allow her to take the examination was arbitrary and capricious. We disagree.

The Board of Law Examiners was created by N.C.G.S. § 84-24. This section states in part:

> The Board of Law Examiners, subject to the approval of the Council shall by majority vote, from time to time, make, alter and amend such rules and regulations for admission to the Bar as in their judgment shall promote the welfare of the State and the profession: Provided, that any change in the educational requirements for admission to the Bar shall not become effective within two years from the date of the adoption of the change.

N.C.G.S. § 84-24 para. 6 (1995).

Pursuant to this section, the Board of Law Examiners adopted the Rules Governing Admission to Practice of Law. Rule .0702 provides:

> Every applicant applying for admission to practice law in the State of North Carolina, before being granted a license to practice law, shall prove to the satisfaction of the board that said applicant has graduated from a law school approved by the Council of the North Carolina State Bar or that said applicant will graduate within thirty (30) days after the date of the written bar examination from a law school approved by the Council of the North Carolina State Bar. There shall be filed with the secretary a certificate of the dean, or other proper official of said law school, certifying the date of the applicant's graduation. A list of the approved law schools is available in the office of the secretary.

Rules Governing Admission to Practice of Law .0702, 1998 Ann. R. N.C. 592. The Bar Council refused to approve New College, and the petitioner was not allowed to sit for the examination.

The petitioner contends that N.C.G.S. § 84-24 violates Article I, Section 6 and Article II, Section 1 of the North Carolina Constitution because it delegates legislative power to the Board of Law Examiners without adequate standards to control its action. She contends that the provision in N.C.G.S. § 84-24 that says the Board shall make and amend the rules of the Board "as in their judgment shall promote the welfare of the State and the profession" does not provide sufficient guidance to the Board to prevent this delegation of authority from being unconstitutional.

In determining whether legislation violates the rule that the General Assembly cannot delegate its power to legislate, we are

guided by *Adams v. N.C. Dep't of Natural & Economic Resources*, 295 N.C. 683, 249 S.E.2d 402 (1978), in which we upheld the constitutionality of the Coastal Area Management Act. In that case, we said:

> In the search for adequate guiding standards the primary sources of legislative guidance are declarations by the General Assembly of the legislative goals and policies which an agency is to apply when exercising its delegated powers. We have noted that such declarations need be only "as specific as the circumstances permit." [*N.C. Turnpike Auth. v. Pine Island, Inc.*, 265 N.C. 109, 115, 143 S.E.2d 319, 323 (1965)]. *See also, Jernigan v. State*, [279 N.C. 556, 184 S.E.2d 259 (1971)]. When there is an obvious need for expertise in the achievement of legislative goals the General Assembly is not required to lay down a detailed agenda covering every conceivable problem which might arise in the implementation of the legislation. It is enough if general policies and standards have been articulated which are sufficient to provide direction to an administrative body possessing the expertise to adapt the legislative goals to varying circumstances.

> Additionally, in determining whether a particular delegation of authority is supported by adequate guiding standards it is permissible to consider whether the authority vested in the agency is subject to procedural safeguards. A key purpose of the adequate guiding standards test is to "insure that the decision-making by the agency is not arbitrary and unreasoned." Glenn, [*The Coastal Management Act in the Courts: A Preliminary Analysis*, 53 N.C. L. Rev. 303, 315 (1974)]. Procedural safeguards tend to encourage adherence to legislative standards by the agency to which power has been delegated. We thus join the growing trend of authority which recognizes that the presence or absence of procedural safeguards is relevant to the broader question of whether a delegation of authority is accompanied by adequate guiding standards. *See* K. Davis, 1 *Administrative Law Treaties*, § 3.15 at p. 210 (2d ed. 1978).

*Adams*, 295 N.C. at 698, 249 S.E.2d at 411.

This is the third attack on the constitutionality of N.C.G.S. § 84-24. In *In re Willis*, we held that the provision in N.C.G.S. § 84-24 that allows the Board to determine whether an applicant possesses "the qualifications of character and general fitness requisite for an attorney and counselor at law" was an adequate standard to guide the

Board in determining whether an applicant is fit to practice law. *In re Willis*, 288 N.C. 1, 15, 215 S.E.2d 771, 779-80, *appeal dismissed*, 423 U.S. 976, 46 L. Ed. 2d 300 (1975). In *Bowens v. Board of Law Examiners*, the Court of Appeals held that a provision in N.C.G.S. § 84-24 which said, "The examination shall be held in the manner and at the times as the Board of Law Examiners may determine," provided sufficient guidance for the Board to prepare and administer the bar examination so that there was not an unconstitutional delegation of legislative authority. *Bowens v. Board of Law Examiners*, 57 N.C. App. 78, 82, 291 S.E.2d 170, 172 (1982). The Court of Appeals went on to say that the administering of the bar examination was a ministerial function and did not involve the making of a policy. *Id.*

We hold that the legislative goals and policies as set forth in N.C.G.S. § 84-24 combined with procedural requirements in regard to adopting rules and regulations are sufficient to withstand a constitutional challenge. There is a need for expertise in the achievement of the legislative policy. The Board, with its sixty years of experience, can apply its expertise to the issue in a manner which the General Assembly cannot. It is not practical for the General Assembly to micromanage the making of rules for the Board such as what law schools are to be approved. The directions given by the legislature are as specific as the circumstances require. We believe the statutory direction of N.C.G.S. § 84-24 that the Board shall make such rules governing the admission to the bar which will "promote the welfare of the State and the profession," when considered with the other provisions of the statute, means that the Board must make rules governing the admission to the bar which are intended to produce attorneys with the learning and character to serve the public well. Furthermore, we find that there are adequate procedural safeguards in the statute to assure adherence to the legislative standards. N.C.G.S. § 84-24 and N.C.G.S. § 84-21 require that the Bar Council and this Court must approve rules made by the Board. Thus, there is a sufficient standard to guide the Board so that N.C.G.S. § 84-24 does not create an unconstitutional delegation of legislative power.

The petitioner next argues that the policy of the Council in allowing only graduates of ABA-approved law schools to sit for the bar examination was not promulgated as a rule under the Administrative Procedure Act (APA), chapter 150B of the General Statutes, or under N.C.G.S. § 84-21. Because this rule was not promulgated properly, says the petitioner, it was arbitrary and capricious for the Council to rely solely on this rule in excluding her from the bar examination.

However, the petitioner concedes that if the rule had been properly promulgated, it would not be arbitrary and capricious to enforce it.

We believe the rule was properly adopted. It was not necessary to adopt the rule in accordance with the requirements of the APA. N.C.G.S. § 84-21 gives specific directions as to how the Board shall adopt rules. These directions must govern over the general rule-making provision of the APA. *National Food Stores v. N.C. Bd. of Alcoholic Control*, 268 N.C. 624, 629, 151 S.E.2d 582, 585-86 (1966). We note that, in her appeal, the petitioner followed N.C.G.S. § 84-24 dealing with appeals of decisions of the Board of Law Examiners and not the provisions of the APA.

The Board's rules, including Rule .0702, were submitted to this Court as required by N.C.G.S. § 84-21 and published at volume 326, page 810 of the North Carolina Reports. This complies with the statutory requirement. Rule .0702 was properly adopted.

The appellant contends nevertheless that because Rule .0702 does not contain any criteria for approving law schools but says only that an applicant must graduate from a law school approved by the Council, and because the Council has not properly promulgated its rule that only graduates of ABA-approved law schools may sit for the bar examination, there is no rule requiring graduation from an ABA-approved law school. This being so, says the petitioner, it was arbitrary and capricious for the Board to consider only the Council's approved list of law schools.

We do not believe it was necessary for the Council to promulgate its list of approved law schools as a rule. The Board promulgated Rule .0702, which referred to the Council's list of approved law schools. The list was available at the office of the State Bar. The list when read in conjunction with Rule .0702 is an adequate rule. Thus, because the rule was properly adopted, we do not find it to be arbitrary and capricious for the Board of Law Examiners to rely upon it.

For the reasons stated in this opinion, we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice ORR dissenting.

In *State v. Harris*, 216 N.C. 746, 6 S.E.2d 854 (1940), this Court set forth the standard for legislative delegation of authority as follows:

In licensing those who desire to engage in professions or occupations as may be proper subjects of such regulation, the Legislature may confer upon executive officers or bodies the power of granting or refusing to license persons to enter such trades or professions only when it has prescribed a sufficient standard for their guidance. . . .

While the power to make rules and regulations to carry into effect the laws confided to them for administration is often given to administrative bodies, and while in instances there may be some doubt as to whether the proposed regulation is legislative in character or in pursuance of a delegable power, it is clear that in a statute of this kind, giving the important power of admitting or excluding persons from a business, trade, or profession, only the Legislature can create the standards and provide the reasonable limits within which the power must be exercised.

*Id.* at 754-55, 6 S.E.2d at 860 (citations omitted). Until today, this Court has not essentially wavered. from adherence to this test. However, the majority decision unfortunately strays far afield from this time-honored requirement. In the case before us, the only guidance given in N.C.G.S. § 84-24 to the Board of Law Examiners is that the Board "make, alter and amend such rules and regulations for admission to the Bar as in their judgment shall promote the welfare of the State and the profession." N.C.G.S. § 84-24 para. 6 (1995). I find this guidance to be totally inadequate in that it is a sweeping delegation of legislative power to the Board of Law Examiners with no guidance or standards being set forth. This broad delegation allows the Board to make policy, rather than follow the policy set by the legislature. The Court's opinion in *Harris* was more recently affirmed in *Guthrie v. Taylor*, 279 N.C. 703, 185 S.E.2d 193 (1971), *cert. denied*, 406 U.S. 920, 32 L. Ed. 2d 119 (1972):

When the General Assembly delegates to administrative officers and agencies its own power to prescribe detailed administrative rules and regulations governing the right of individuals to engage in a trade or profession, the statute granting such authority must lay down or point to a standard for the guidance of the officer or agency in the exercise of his or its discretion. Otherwise, such statute will be deemed an unlawful delegation by the General Assembly of its own authority.

*Id.* at 712, 185 S.E.2d at 200. It should be pointed out that the legislature has in fact provided far greater guidance for licensing members

of other professions, such as physicians, dentists, psychologists, accountants, architects, engineers, and real estate brokers. There is no adequate explanation, nor is one offered, that justifies a failure to set standards for admission to the legal profession while articulating in detail various required standards in other professions.

Furthermore, it is uncontroverted that the authority delegated the Board of Law Examiners has at least in part been delegated to the American Bar Association (ABA), a voluntary organization over which this Court, the Board of Law Examiners, nor the General Assembly has any authority. N.C.G.S. § 84-24 provides that the Board of Law Examiners will set the standard for admission to the Bar. Rule .0702, adopted by the Board of Law Examiners, provides that an applicant "shall prove to the satisfaction of the board that said applicant has graduated from a law school approved by the Council of the North Carolina Bar." Rules Governing Admission to Practice of Law .0702, 1998 Ann. R. N.C. 592. No criteria have been promulgated as to what the Council will consider in approving a law school. The Council's recent practice is to accept only schools that have been accredited by the ABA. The Council's and through it the Board's reliance on ABA accreditation to determine what law schools are satisfactory is essentially a further improper delegation of the original unlawful delegation of authority.

The majority next concludes that the rule in question was properly adopted. While determining that it was unnecessary to comply with the general rule-making authority of the Administrative Procedure Act (APA), the majority instead relies on this Court's statutory duty to determine that the rule is not in conflict with our Constitution, which was in fact performed on 26 July 1990 and was duly recorded in volume 326, page 823 of the North Carolina Reports. It must be noted that Rule .0702 makes *no* mention of having *the ABA* determine which law schools are approved. Instead, the rule specifically requires *the Council of the North Carolina State Bar* to approve the law schools. Abdication of this responsibility to some other organization is a flagrant violation of the Council's duties. As such, I would conclude that the refusal to allow Ms. Bring to take the Bar Exam because the ABA has not accredited the law school from which she graduated is arbitrary and capricious.

Ms. Bring submitted information to the Board that New College School of Law enrolled its first class in 1973. The law school has a unique mission of preparing students to practice public interest law.

## BRING v. N.C. STATE BAR

[348 N.C. 655 (1998)]

Students are required to participate in a formal apprenticeship program and receive on-the-job training as a condition of graduation. The school also has a complete law library and requires similar classes as other law schools. There are over five hundred graduates of New College currently practicing law. New College has been fully accredited since 1982 by the State Bar of California. New College has never sought ABA accreditation and has no plans to do so.

Despite this showing, the Board of Law Examiners gave no individualized consideration to the above-mentioned merits of New College, but relied solely on the fact that New College was not ABA approved to deny petitioner's application. The Board made no specific findings as to the whether New College properly prepared its students for the practice of law and in fact refused to make any inquiry into whether the New College School of Law sufficiently met the Bar Council's standards as to what constitutes an accredited law school. This failure to even consider the merits of New College School of Law is likewise arbitrary and capricious.

In this case, we have a graduate from a California law school that has been fully accredited by the California State Bar. In addition, Ms. Bring practiced law in good standing in the State of California for fifteen years. She sought an opportunity, not to be automatically admitted to the North Carolina Bar, but to merely sit for the Bar Examination to show her proficiency and ability to practice law in this state. Without even considering the merits of her educational and professional background, but instead relying on an accreditation process by an outside organization, the Board of Law Examiners summarily refused her right to even attempt to obtain a license to practice law by prohibiting her from taking the Bar Exam. Such a decision is arbitrary and capricious and is based solely upon an unlawful delegation of legislative power without benefit of acceptable standards, and a further delegation or abdication by the Board of Law Examiners and the State Bar Council. I therefore dissent and would hold that N.C.G.S. § 84-24 violates Article I, Section 6 and Article II, Section 1 of the North Carolina Constitution.

Justice LAKE joins in this dissenting opinion.