TYSON, Judge, dissenting.
*538 I respectfully dissent from the majority's opinion. Defendant has failed to show error in the superior court's ruling that the General Assembly has not constitutionally delegated its authority over rules and regulations adopted by the North Carolina State Board of Education ("State Board") to the Rules Review Commission ("RRC") by enacting the North Carolina Administrative Procedure Act ("NCAPA"). N.C. Gen. Stat. § 150B (2015).
*533 I. Article IX, Section 5
The plain language of Article IX, Section 5 of the North Carolina Constitution states:
The State Board of Education shall supervise and administer the free public school system and the educational funds provided for its support, except the funds mentioned in Section 7 of this Article, and shall make all needed rules and regulations in relation thereto , subject to laws enacted by the General Assembly .
N.C. Const. art. IX, § 5 (emphasis supplied).
Our Supreme Court has established the proper standard of review: "In interpreting our Constitution[,]... where the meaning is clear from the words used, we will not search for a meaning elsewhere." State ex rel. Martin v. Preston , 325 N.C. 438, 449, 385 S.E.2d 473, 479 (1989) (citation omitted). Under the plain language of this article, only "laws enacted by the General Assembly" may take precedent over "needed rules and regulations" promulgated by the constitutionally established State Board. N.C. Const. art. IX, § 5.
The RRC is not the General Assembly. See N.C. Const. art. II, § 1 ("The legislative power of the State shall be vested in the General Assembly, which shall consist of a Senate and a House of Representatives."). Review by and decisions of the RRC are not "laws enacted by the General Assembly." N.C. Const. art. IX, § 5.
The RRC was created by statute in 1986, long subsequent to the ratification of the current version of Article IX, § 5, and consists of ten non-elected members appointed by the General Assembly. N.C. Gen. Stat. § 143B-30.1(a) (2015) ; 1985 N.C. Sess. Law 1028. The RRC members purported to act on their own accord in delaying and striking down "needed rules and regulations" established under constitutionally mandated *539 policy of the State Board, without bicameral review and presentment of a bill.
The RRC's purpose is to "review[ ] administrative rules in accordance with Chapter 150B of the General Statutes." N.C. Gen. Stat. § 143B-30.2 (2015). The NCAPA defines "rule" as "any agency regulation , standard, or statement of general applicability that implements or interprets an enactment of the General Assembly or Congress or a regulation adopted by a federal agency or that describes the procedure or practice requirements of an agency." N.C. Gen. Stat. § 150B-2(8a) (2015) (emphasis supplied).
The majority's opinion accepts Defendants' usurpation of the plain language of Article IX and the framers' intent, and holds the various laws which establish the RRC and its review process are "laws enacted by the General Assembly," and that the policies and procedures of the State Board are "subject to" RRC review and authority. See N.C. Const. art. IX, § 5.
Under the plain language of Article IX, the People established the State Board and intended its educational policy and rulemaking authority to be limited only by "laws enacted by the General Assembly," which requires bicameral review and presentation of a bill. The People did not intend the constitutional rulemaking authority of the State Board to be "subject to" delays and veto by a commission of non-elected officials, who are statutorily tasked under the NCAPA to review proposed "agency rules." See N.C. Gen. Stat. § 143B-30.2 ; N.C. Gen. Stat. § 150B-2(8a). The General Assembly cannot either usurp nor delegate the specific constitutional authority vested in the State Board by the People.
II. West Va. Bd. of Educ. v. Hechler
This issue appears to be of first impression in our State. The sound analysis and holding of the Supreme Court of Appeals of West Virginia, which ruled upon this issue, is persuasive. See West Va. Bd. of Educ. v. Hechler , 180 W. Va. 451, 376 S.E.2d 839 (1988). The Constitution of West Virginia provides: "The general supervision of the free schools of the State shall be vested in the West Virginia board of education which shall perform such duties as may be prescribed by law." W. Va. Const. art. XII, § 2. The West Virginia legislature created a "legislative oversight commission on education accountability." Hechler , 180 W. Va. at 452, 376 S.E.2d at 840. As here, the Board of Education was purportedly required to submit its proposed rules to the oversight commission *534 for review, and the commission would recommend that the legislature either promulgate the rule or the rule be withdrawn. Id . at 453, 376 S.E.2d at 840. *540 The West Virginia Supreme Court of Appeals held the state constitution granted the West Virginia Board of Education rulemaking powers, "and any statutory provision that interferes with such rule-making is unconstitutional," and the legislature's "attempt to undertake the Board's general supervisory powers" violates the separation of powers clause of the West Virginia Constitution. Id . at 455-56, 376 S.E.2d at 843.
In support of its holding, the court explained:
Decisions that pertain to education must be faced by those who possess expertise in the educational area. These issues are critical to the progress of schools in this state, and, ultimately, the welfare of its citizens.... [T]he citizens of this state conferred general supervisory powers over education and one need not look further than art. XII, § 2 of the State Constitution to see that the "general supervision" of state schools is vested in the State Board of Education. Unlike most other administrative agencies which are constituents of the executive branch, the Board enjoys a special standing because such a constitutional provision exists.
Id . at 455, 376 S.E.2d at 842-43 (second emphasis supplied).
Our Constitution specifically gives the State Board the power to promulgate "needed rules and regulations" to set policy and to "supervise and administer the free public school system." See N.C. Const. art. IX, § 5 (emphasis supplied). The State Board is the only constitutionally created board, yet the RRC admitted during oral argument that it treats the Board and its proposed rules the same as any other "executive agency."
As explained in Hechler , the General Assembly's purported transfer of the State Board's constitutional authority to promulgate its own rules and regulations to an agency rule review entity denies the State Board an express power, which has been constitutionally conferred upon the State Board by the People.
Under the plain language of Article IX, the rulemaking authority of the State Board is "subject to limitation and revision by acts of the General Assembly." Guthrie v. Taylor , 279 N.C. 703, 710, 185 S.E.2d 193, 198 (1971), cert. denied , 406 U.S. 920, 92 S.Ct. 1774, 32 L.Ed.2d 119 (1972). While the General Assembly may "limit and revise," the State Board's exercise of its primary authority under Article IX, see id. , the State Board's power to establish educational policy and to promulgate its own rules and regulations does not derive its authority from, nor depend upon the General *541 Assembly. By enacting the NCAPA, the General Assembly could not and did not transfer the State Board's constitutionally specified rulemaking power to an agency rule oversight commission under the NCAPA.
The legislative, executive, and judicial branches of government "shall be forever separate and distinct from each other." N.C. Const. art. I, § 6. In interpreting this clause, our courts have long recognized that "a modern legislature must be able to delegate-in proper instances-a limited portion of its legislative powers to administrative bodies which are equipped to adapt legislation to complex conditions involving numerous details with which the Legislature cannot deal directly." Adams v. N.C. Dep't of Nat. & Econ. Res. , 295 N.C. 683, 697, 249 S.E.2d 402, 410 (1978) (citations and internal quotation marks omitted).
The rule in Adams , allowing the General Assembly to delegate a "limited portion of its legislative powers," does not apply here. "[S]uch powers as are specially conferred by the constitution upon the governor, or upon any other specified officer, the legislature cannot require or authorize to be performed by any other officer or authority; and from those duties which the constitution requires of him he cannot be excused by law." Thomas M. Cooley, Cooley's Constitutional Limitations 215 (8th ed. 1927). The People of North Carolina granted and conveyed to the State Board powers, which are not intended to be, and cannot be, removed from the State *535 Board and subordinated to or overruled by an executive agency review body. Id .
Furthermore, in reviewing an agency's rule, the RRC determines whether the rule meets the following NCAPA criteria:
(1) It is within the authority delegated to the agency by the General Assembly .
(2) It is clear and unambiguous.
(3) It is reasonably necessary to implement or interpret an enactment of the General Assembly, or of Congress, or a regulation of a federal agency. The Commission shall consider the cumulative effect of all rules adopted by the agency related to the specific purpose for which the rule is proposed.
(4) It was adopted in accordance with Part 2 of this Article [which governs the rulemaking procedure].
N.C. Gen. Stat. § 150B-21.9(a) (2015) (emphasis supplied).
*542 The authority of the State Board to promulgate its own rules and regulations to establish educational policy are constitutionally established and cannot be "delegated by the General Assembly." See id . Reviewing the plain language of the NCAPA, the RRC's mandate and standard for reviewing agency rules does not include rules that are promulgated by a constitutionally created and empowered Board expressly acting under their constitutionally mandated authority . The General Assembly's guiding standards to the RRC and definitions in the NCAPA support the State Board's position and the correctness of the superior court's ruling.
The Board of Education alleged and argues the RRC unreasonably delayed and has objected to or modified every rule adopted by the State Board and brought before the RRC since 1986. The State Board is tasked by the People with "constitutional obligations to provide the state's school children with an opportunity for a sound basic education." Hoke Cty. Bd. of Educ. v. State , 358 N.C. 605, 614-15, 599 S.E.2d 365, 376 (2004).
The members of the RRC are not required to have acquired or demonstrate any background or experience in public education, and need only be endorsed by the Speaker of the House or President of the Senate to serve on the RRC. N.C. Gen. Stat. § 143B-30.1(a) (2015). The asserted RRC delays, review, and rejection of State Board proposals unconstitutionally hinders the State Board's authority and mandate to "make all needed rules and regulations" to meet its constitutionally mandated obligations to "supervise and administer the free public school system and the educational funds provided for its support." N.C. Const. art. IX § 5.
Under the NCAPA, when the RRC strikes down a rule promulgated by the State Board, the only procedural safeguard and remedy is for the State Board to file suit to challenge the RRC in the Wake County Superior Court. See N.C. Gen. Stat. § 150B-21.8(d) (2015). This is a wholly untenable process for our school children, our citizens, and for establishing the constitutionally mandated "needed rules and regulations" that are required to implement the public educational policy of our State. N.C. Const. art. IX, § 5.
III. Conclusion
By establishing a Board of Education with the specific constitutional authority to promulgate its own rules and regulations, the framers of Article IX and the People, upon ratifying the Constitution, vested the authority to administer and supervise public education to the State Board, not the RRC. This intention is clearly set forth in the plain language of the Constitution in Article IX. The RRC review process has delayed and frustrated the State Board in accomplishing its constitutionally mandated mission.
*543 The General Assembly cannot prohibit State Board from exercising its rulemaking powers under its constitutional grant of authority. The General Assembly also cannot accomplish the same result by delegating the State Board's constitutional rulemaking authority to a statutory entity the General Assembly has created for review of proposed executive agency rules under the NCAPA.
The State Board's constitutional authority and obligation to "make all needed rules and regulations" for the supervision and administration of the public school system does not function, and is not included, as a statutory or executive rulemaking agency under the NCAPA, with its rules subject to review by *536 the RRC. The NCAPA cannot be applied to trump the constitutional rulemaking authority of the State Board of Education, and subject the State Board to the oversight authority the RRC applies to statutory State agencies.
Defendants have failed to show error in the superior court's judgment. The superior court's grant of summary judgment in favor of the State Board is properly affirmed. I respectfully dissent.